UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 20-07193-JCB

UNITED STATES OF AMERICA

v.

TYRONE GOFORTH

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

October 19, 2020

Boal, M.J.

Defendant Tyrone Goforth is charged in a complaint with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). An initial appearance was held on September 3, 2020, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(D) (defendant is charged with a felony and has been previously convicted of certain offenses), 3142(f)(1)(E) (defendant is charged with a felony involving the possession of a firearm), and (f)(2)(A) (flight risk). Because the defendant was being held in state custody at that time, this Court entered an order of detention pursuant to United States v. King, 818 F.2d 112, 115, n. 3 (1st Cir. 1987).

After the defendant was released from state custody, this Court held a detention hearing on October 13, 2020, at which the parties proceeded by proffer. The government introduced seven exhibits into evidence.[1] On October 15, 2020, the defendant filed a motion to reopen the evidence to introduce an exhibit regarding an increase of COVID-19 infections at the Wyatt Detention Center, where the defendant is being held, which this Court granted. Docket Nos. 19,

---

[1] This Court only admitted a portion of Exhibit 3 into evidence at the hearing.

20. The government filed a response. Docket No. 21. After careful consideration of the evidence, the parties' arguments at the hearing, the parties' post-hearing submissions, and a pretrial services report recommending detention, I order the defendant detained pending trial.

I. **ANALYSIS**

    A. **Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, this Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791 (citations omitted).

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B.     Nature Of The Offense

The government alleges that on or about July 31, 2020, the Boston Police Department responded to a radio call for a person with a gun at a bookstore.  Officers responded and observed Goforth inside, who matched the description of the suspect.  Officers recovered a firearm and five rounds of ammunition from Goforth's person as well as approximately 56 grams of a substance suspected to be crack cocaine.

### C.     Defendant's History And Characteristics

Goforth, age 39, was born in Boston, Massachusetts.  At the time of his arrest, he was unemployed.  His criminal record shows convictions for possession of a firearm, knowingly receiving stolen property, drug offenses, and assault on a police officer.

### D.     Risk of Flight

Goforth is a lifelong resident of Massachusetts.  He is single and has one child from a prior relationship.  Over the last five to seven years, he has lived either at his mother's or his former girlfriend's residences in the Boston area.

Goforth does not have a passport and has never traveled outside of the United States.  At the time he allegedly committed the instant offense, he was on pretrial release on two separate state criminal cases involving allegations of crack cocaine distribution and the possession of a firearm.

### E.     Dangerousness

The instant offense involves the possession of a loaded firearm.  In addition, as mentioned above, Goforth's criminal record includes a conviction for assault on a police officer as well as drug and firearm offenses.

### F.     Assessment Of All Factors

Goforth proposes to live with his mother, subject to electronic monitoring.  However, after carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, this Court finds that the government has met its burden regarding detention.  Although he has ties to the community, Goforth has a minimal employment history.  In addition, he was on pretrial release for two state matters when he allegedly committed the offense charged in this case.  The nature of the instant offense and Goforth's prior criminal history also raise significant public safety concerns.  Therefore, Goforth is not a candidate for release.

While this Court appreciates the gravity of the COVID-19 pandemic and the developing situation at Wyatt, the defendant has not raised any particularized concerns affecting him personally.  Goforth is relatively young and reported to Pretrial Services that he is in good health. In light of the risk of danger to the community posed by his release, he has not shown that the COVID-19 pandemic and the situation at Wyatt warrant his release at this time.

Accordingly, I find that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## II.    ORDER OF DETENTION

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Tyrone Goforth be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Tyrone Goforth be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the

government, the person in charge of the corrections facility in which Tyrone Goforth is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### III. **RIGHT OF APPEAL**

THE PERSON DETAINED BY THIS ORDER MAY FILE AN APPEAL FROM A RELEASE OR DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(c).

        /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge