UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYRONE GOFORTH, )<br>)<br>Defendant. )<br>) | Criminal No. 20-10243-LTS |

ORDER ON GOVERNMENT'S MOTION FOR SELL HEARING (DOC. NO. 103)

October 16, 2023

SOROKIN, J.

The Indictment charges the Defendant with being a felon-in-possession of a firearm. Doc. No. 25 at 1. The Government represents that it intends to seek a further charge under 18 U.S.C. § 924(c), which it has held in abeyance pending the outcome of the competency-related proceedings. Previously, the Bureau of Prisons determined Goforth incompetent to stand trial. No party challenges that conclusion, and the Court has accepted it. Doc. No. 82.

Presently pending is the Government's request that the Court order Goforth restored to competency by the forced administration of medication. Doc. No. 103. Goforth refuses to consent to medication and objects to this request. Doc. No. 106. His liberty hangs in the balance. Absent an order granting Government's request, the case will be dismissed. This will result in his release from federal custody of any sort because the Bureau of Prisons has declined to file a certificate of dangerousness—the precondition to a federal civil commitment.

By way of relevant background, the BOP rendered an opinion on restoration of competency as part of its competency evaluation, Doc. No. 96, and a supplemental opinion on

this point at the Court's request. Doc. No. 108. The Government submitted an opinion from a retained expert who did not examine Goforth, Doc. No. 112, and the Defense submitted its own opinion from a retained expert who did examine Goforth. Doc. No. 123. Finally, the Court heard brief testimony from the two retained experts along with argument at a hearing which constituted the Sell hearing on September 26, 2023. Doc. No. 124.

The law sets forth a four-part test that the Government must satisfy by clear and convincing evidence to obtain the relief it seeks. See, e.g., USA v. Vigeant, No. 1:11-MJ-06060, 2012 WL 3064410, at *3 (D. Mass. April 18, 2012). First, the government must establish an "important" governmental interest. See id., at *3 (citing Sell v. United States, 539 U.S. 166, 180-81 (2003)). Here it has. The circumstances giving rise to the charged offense are the report of a broad daylight, middle of the day, middle of the street argument in Boston between Goforth and unnamed individuals, during which Goforth pulled a loaded handgun, according to the report of one or more bystanders who called 911. He was arrested shortly thereafter inside a nearby store possessing the loaded, 9mm handgun, $497 in cash, as well as crack cocaine. Doc. No. 2-1 at 3. The public safety threat posed by these acts amply supports the important government interest. See United States v. Burhoe, 578 F. Supp. 2d 195, 204 (D. Me. 2008) (finding seriousness of crime enough to satisfy first Sell factor); United States v. Calderon-Lopez, No. 10-016, 2011 WL 1833195 (D.P.R. May 12, 2011) (finding same); see also Sell v. United States, 539 U.S. 166, 180 (2003) (finding that the "Government's interest in bringing to trial an individual accused of a serious crime is important.").

The defense points out correctly that Goforth has served a significant portion of the Guideline sentence applicable to the present case; a fact which can weaken the government's showing of an important government interest. See Sell, 539 U.S. at 180. In this case, however,

Goforth faces a substantially longer sentence because the government represents it will indict him with a second charge—this one alleging a violation of § 924(c), which carries an additional mandatory, consecutive sentence of at least five (5) years. The government has been clear about both its intention and the reason for not yet indicting Goforth on this charge: to await the outcome of the competency proceeding. The evidence amply supports bringing the charge (i.e. probable cause), the record supports the government's method of proceeding as a practical one, and the Court concludes the time Goforth faces in prison does not weaken the government's showing on the first prong in these circumstances.[1]

The dispositive issue, and the one on which the parties are sharply divided, is whether the Government has met its burden to demonstrate that there is a substantial probability that within a reasonable time the proposed course of treatment will restore Goforth to competency. Specifically, under Sell on this second factor, the government must establish that involuntary medication will "*significantly further*" the government's interests. Sell, 539 U.S. at 181. While the question is somewhat close, the Court finds that the Government has met its burden.

Goforth's primary diagnosis is Schizoaffective Disorder, Bipolar Type. Doc. No. 108 at 2. The more expansive, supplemental BOP report did not make the substantial probability finding, but it did state that "Mr. Goforth is at least as likely as not to respond to psychiatric medication," though it also stated that his treatment is likely to require more than four to eight months. Id. at 5. The report also indicates that "Goforth has a mental illness that is very likely to respond to antipsychotic medication. A diagnosis of schizoaffective disorder places him in a population of patients with psychosis that can attain competency over 70-80% of the time with antipsychotic medication." Id. at 3. BOP explains that its "at least as likely as not," rather than

---

[1] Goforth's criminal record further supports the government interest conclusion. See Doc. No. 103 at 7; Doc. No. 126.

substantial probability conclusion, is based on Goforth's "poor insight, amount of time untreated (there is only one report of prior psychiatric treatment, which occurred when Goforth was in his late 30s), and few records regarding past treatment." Id. In addition, Dr. Sharf from BOP's Butner facility noted "it is possible that psychiatric treatment, particularly consistent adherence to psychotropic medication, could improve his clinical symptoms such that his competence-related abilities could develop further." Doc. No. 96 at 18.[2]

The government's retained psychiatrist offers the substantial probability opinion (orally and clarifying his written opinion) based largely on reports of the efficacy of antipsychotic medication in restoring competency for patients with Goforth's diagnosis and his general review of the paper record. See Doc. No. 112 at 5. The defense expert theorizes that Goforth may well have been suffering for years with his present illness, without diagnosis or treatment, based in part on her interview with Goforth's mother. See Doc. No. 123. If correct, that supposition (though not dispositive of the question) would, according to the experts, aid Goforth as even the government's retained expert concedes this weakens (but in his view, does not change) his substantial probability conclusion. Nonetheless, the Court is not persuaded of the weight or depth of the supposition. It is not supported by his extensive criminal record, which reveals no prior competency history as far as the Court is aware or any party has disclosed. Nor is there any basis to conclude the degree of his illness, if in fact he has suffered with it for years, nor the degree of effect on the efficacy of treatment.

After careful consideration of this issue, the Court concludes that the Government has met its burden of proof. The illness from which Goforth suffers is plainly treatable—over 70% of the people with this diagnosis are restored to competency. Dr. Cloudier, another Butner

---

[2] While Goforth is incompetent to stand trial presently, the record is also clear that he has some competence.

psychiatrist, opined that "Mr. Goforth has a mental illness that is very likely to respond to antipsychotic medication." Doc. No. 108 at 4. Clearly, psychotropic medication is the recommended course of treatment for Goforth's illness (or at least an important component of a treatment plan). The one prior (albeit brief) course of treatment Goforth received appeared to produce at least some positive response in short order. Additionally, the government's expert—an experienced, forthright, forensic expert—opined that signs of improvement should occur promptly, perhaps within weeks. Doc. No. 112 at 6.[3] Based on all of the foregoing, the Court concludes that the government has established, by clear and convincing evidence, a substantial probability that a course of compelled medication will retore Goforth to competency within a reasonable period of time.

Regarding the third and fourth factors, the government has met its burden. As to the third factor, which requires the state to show that involuntary medication is "*necessary*" to further the government's interests, there are no other appropriate means of restoring Goforth to competency. Sell, 539 U.S. at 181. The BOP has attempted other methods, including medication (which Goforth has repeatedly refused) and group treatment in an appropriate prison setting. These methods have failed. There is no suggestion that other alternatives are available. Finally, as to the fourth factor, which requires the state to show that the administration of the drugs is "*medically appropriate, i.e.,* in the patient's best medical interest in light of his medical condition," the BOP has proposed a treatment course and has substantial experience with the administration of compelled medication as part of an effort to restore competency. Id. The proposed medication is also the recommended course of treatment for Goforth's diagnosis and, though it is not without

---

[3] Dr. Cloutier's failure to endorse involuntary medication arose not from a concern about the efficacy of involuntary medication, but rather whether improvement could be achieved within four months. Doc. No. 108 at 4-5.

risks, the specific risks to Goforth (which are largely the general risks of the medication) do not defeat the appropriateness of the treatment at this time. The plan is medically reasonable.

For the foregoing reasons, the Court ORDERS the BOP to commence a course of compelled administration of medication to Goforth pursuant to the plan BOP submitted to the Court appearing at Doc. No. 108 at 3-17. The BOP shall provide the Court, copy to the parties, a status report (1) four weeks after the commencement of the treatment course; (2) four months after the commencement of the treatment course; (3) at any other time directed by the Court; and (4) at any point in which the medical judgment of the treating doctor(s) believe further treatment unreasonably endangers or harms Goforth's health. Accordingly, the Government's Motion for a <u>Sell</u> Hearing is ALLOWED.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                            United States District Judge